IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOHN R. HOWARD,

       Plaintiff,
  v.                                      Civil Action No.
                                          6:13-CV-0794 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

       Defendant.

---

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF

ANTONOWICZ LAW FIRM          PETER W. ANTONOWICZ, ESQ.
148 W. Dominick St.
Rome, NY 13440

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    DAVID L. BROWN, ESQ.
United States Attorney            Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on May 29, 2014, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)   Defendant's motion for judgment on the pleadings is GRANTED.

2)   The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)   The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   June 4, 2014
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
JOHN HOWARD,

                    Plaintiff,

vs.                                 13-CV-794

CAROLYN W. COLVIN, as Commissioner
of the Social Security Administration,

                    Defendant.

------------------------------------------x

           Decision rendered on May 29, 2014

     James Hanley Federal Building, Syracuse, New York

              HONORABLE DAVID E. PEEBLES,

         United States Magistrate-Judge, Presiding.

           A P P E A R A N C E S (by telephone)

For Plaintiff:      PETER W. ANTONOWICZ
                    Attorney at Law
                    148 West Dominick Street
                    Rome, New York 13440

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  DAVID B. MYERS, ESQ.




                 Eileen McDonough, RPR, CRR
              Official United States Court Reporter
                       P.O. Box 7367
                  Syracuse, New York 13261
                      (315)234-8546
```

1          THE COURT: Thank you. I'll have to let that be
2    the last word.
3          I've reviewed carefully the Administrative
4    Transcript, the arguments of the parties, both written and
5    verbal. I have before me a request for review of an
6    Administrative Determination pursuant to 42, United States
7    Code, Section 405(g).
8          The claimant or plaintiff in this case was born in
9    November of 1968. He was 42 years of age at the time of the
10   Administrative Hearing in this case. He has a high school
11   degree. He has worked in several positions, including in
12   various food service positions as well as landscaping. He
13   has apparently had two work-related type injuries, one in
14   2007 involving a shoulder injury for which he received a
15   20 percent scheduled permanent loss, and some sort of a groin
16   injury, which it turns out has been treated and diagnosed as
17   some sort of a nerve entrapment. He treats primarily with
18   Dr. Francis Chabot, as well as Dr. Richard Chmielewski.
19         He also suffers from diagnosed mental impairments
20   for which he treats with Licensed Clinical Social Worker
21   Kathryn Muller. He has also seen many other specialists,
22   including pain specialists and consultants, in an effort to
23   control his pain. For medications he receives Gabapentin 600
24   milligrams, Tramadol 50 milligrams, and Cymbalta
25   50 milligrams.

1    He applied for disability insurance benefits in
2    February of 2010 alleging anxiety, ADD, a shoulder injury,
3    and the ilioinguinal nerve entrapment as disabilities and an
4    onset date of November 20th, 2009.  An Administrative Hearing
5    was conducted on March 29, 2011 by Administrative Law Judge
6    Edward Pitts.  ALJ Pitts issued a decision on July 5, 2011,
7    in which he applied the well-known five-step test for
8    determining disability and concluded that the plaintiff was
9    not disabled.
10    At step two he did find that plaintiff suffers from
11    a severe impairment that restricts his ability to perform
12    basic work functions.  Although he rejected the claim that
13    the lumbar condition and shoulder condition and psychological
14    conditions were also severe, he found that the nerve
15    entrapment did not meet or equal medically any of the listed
16    presumptively disabling conditions set forth in the
17    regulations.
18    He then concluded that after surveying the medical
19    evidence, that plaintiff retains the ability to perform light
20    work with the additional non-exertional restriction of
21    unskilled work due to the difficulties in concentrating
22    relating to his chronic groin pain.  He then applied the
23    grids, and particularly Rule 202.21, and found that the pain
24    did not sufficiently erode the job based on which the grids
25    were predicated, particularly since it was taking into

1 account the unskilled portion of the RFC finding, and
2 concluded that there was no disability.
3 That determination became final when the Social
4 Security Administration Appeals Council denied plaintiff's
5 request for review.
6 This is a close case, and my role is to ensure that
7 the proper legal principles were applied by the ALJ and that
8 his decision is supported by substantial evidence. The
9 question of whether I would arrive at the same conclusion
10 based on the evidence before the Court is not the inquiry.
11 The term substantial evidence has been defined as such
12 relevant evidence as a reasonable mind might accept as
13 adequate to support a conclusion.
14 I've carefully reviewed the evidence and arguments
15 at step two. I think the ALJ properly rejected the shoulder
16 injury as a severe impairment. The claimant admitted at the
17 hearing at page 55 of the Administrative Transcript that he
18 was not receiving treatment for his shoulder injury.
19 Dr. David Kerschner, a chiropractor, indicated in his report
20 that there was no restriction due to the accident and that
21 after ten months of chiropractic treatment he should have
22 been returned to his pre-accident condition. That's at 466.
23 The Dr. Johnson consultative exam in April of 2010
24 showed some minimal restriction but no limitation in range of
25 motion. That's at page 373.

1              Similarly, the ALJ properly rejected the
2   psychological conditions that were cited by the plaintiff as
3   being disabling or sufficiently severe to interfere with
4   work-related activities.  When plaintiff treated much
5   earlier, he was released in July of 2005 with a Global
6   Assessment of Functioning, or GAF, score of 65.  That's at
7   page 428 of the Administrative Transcript.  It appears that
8   he is doing well.  And the medical records from that care
9   provider indicate that they lost contact with the plaintiff.
10  He only began treatment one month -- resumed treatment, I
11  should say, one month before the hearing and began taking
12  medication for his condition two days before the hearing.
13  That's at page 57 of the Transcript.
14             So, plaintiff's burden to establish those two
15  conditions as sufficiently severe in step two was not met.
16             In terms of the Residual Functional Capacity
17  determination, which is pivotal, of course, I find that
18  substantial evidence does support the RFC determination.  A
19  Functional Capacity Evaluation was conducted in February of
20  2011 and that certainly can constitute a part of the body of
21  evidence that is substantial and supports that determination.
22  That's at page 528 et seq. of the record.
23             Clearly it's plaintiff's burden at this step to
24  establish that he doesn't have the RFC that was noted by the
25  ALJ.  As I indicated, Dr. Chabot, his own treating physician,

1  in April 2011 indicated that plaintiff should go to work and
2  can perform light work.  That's at page 627.
3              Consultative examiner Dr. Johnson, her examination
4  supports that plaintiff can lift 15 to 20 pounds, which is
5  consistent with light weight.  And she found no limitation at
6  sitting, standing or walking.  That's at pages 371 to 376 of
7  the Administrative Transcript.
8              The record indicates that plaintiff was responding
9  fairly well to his nerve injections at page 61, according to
10 his testimony, and at page 307.
11             In terms of credibility, it was incumbent on the
12 Administrative Law Judge to meet the regulations and consider
13 the plaintiff's daily activities, the medications that he is
14 on, the side effects, if any, of the medications.  He went
15 through the analysis.  He focused on Dr. Lukose's statement,
16 admittedly an isolated statement, of August 13, 2010 that
17 plaintiff's pain did not seem to be commensurate with the
18 physical findings.  That's at page 468.  He went through
19 daily activities.  There are many indicators that plaintiff
20 was doing better.  Page 307 of the record, for example.
21 Page 308 shows that he was active.  He reported to his care
22 providers he could perform lawn work.  He was planting
23 flowers.  He was riding his bicycle.  At page 308 it also
24 indicates that the severe testicular pain was essentially
25 gone.  This was in June of 2010.  In October of 2010, at 306,

1  he indicates marked improvement.  Dr. Chabot also noted
2  improvement in the groin pain from nerve blocks at page 477.
3         I find that the Administrative Law Judge did make a
4  proper credibility analysis and it was incumbent upon him to
5  make that determination so long as it was supported by
6  substantial evidence.  It does not provide a basis to set
7  aside the Commissioner's determination.
8         So, although there is clearly conflicting evidence
9  in the record, it is nonetheless my finding that the
10 determination resulted from proper legal principles being
11 applied and is supported by substantial evidence.  So I will
12 grant judgment on the pleadings to the Commissioner and issue
13 an order incorporating by reference this determination.
14        Thank you both for excellent presentations and
15 arguments.
16        MR. MYERS:  Thank you, Your Honor.
17        MR. ANTONOWICZ:  Thank you, Your Honor.
18              *              *

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Eileen McD*
_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter